UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CROWN CASTLE NG EAST LLC,

                                Plaintiff,

            -against-                        **ORDER**
                                                17-CV-3445(SJF)(ARL)

THE TOWN OF OYSTER BAY, THE TOWN OF
OYSTER BAY TOWN BOARD, RICHARD
LENZ, in his official capacity as Commissioner
of the Town of Oyster Bay Highway Department
and Department of Public Works, and
JOHN BISHOP, in his official capacity as
Deputy Commissioner of the Town of Oyster Bay
Highway Department,

                                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Pending before the Court are the objections of plaintiff Crown Castle NG East LLC ("plaintiff") to so much of the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated February 21, 2020 ("the Report"), as recommends: (i) that plaintiff's claims pursuant to the Telecommunications Act be dismissed for lack of jurisdiction; (ii) that plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied; and (iii) that the motion of defendants the Town of Oyster Bay (the "Town"), the Town of Oyster Bay Town Board, Richard Lenz, in his official capacity as Commissioner of the Town of Oyster Bay Highway Department and Department of Public Works, and John Bishop, in his official capacity as Deputy Commissioner of the Town of Oyster Bay Highway Department, (collectively "defendants") seeking summary judgment dismissing plaintiff's remaining claims against them pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted. For the reasons set forth below, the Report is accepted in its entirety.

1

I. Discussion

    A.    Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    B.    Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred: (i) in holding that the Town's motivation in revoking the Road Opening Permits issued to plaintiff on April 5, 2017 "is irrelevant for purposes of the Court's evaluation of its jurisdiction," (Report at 23; *see* Plf. Obj.

at 2-4, 6, 10-11), and in purportedly ignoring or disregarding evidence showing "that the Town's actions were based on the residents' fear of radio frequency emissions," (Plf. Obj. at 11); (ii) in purportedly "disregard[ing] the timing" of evidence demonstrating "that the Town issued the cease and desist letter, revoked the [Road Opening] permits, and removed two of [plaintiff's] facilities in response to the residents' concerns over radio frequency emissions[,] . . . [and then] tried to revise history by claiming that the revocation of the Highway Permits and the removal of some of [plaintiff's] equipment was because [plaintiff] had not applied for a building permit or special use permit[,]" (*id.* at 5-6); (iii) in finding "that the Town code was not discriminatorily enforced against [plaintiff]," (*id.* at 6); (iv) in overlooking plaintiff's explanation that the thirteen (13) building permits issued by the Town out of the twenty-one (21) applications it reviewed between May 2017 and August 2017 were "likely" issued for structures on private property, and not in the public right-of-way, (*id.* at 6-7; *see also id.* at 13); (v) in concluding that plaintiff "provides no support for [its] conclusory statement" that "no other utility is required to obtain a permit," (Report at 20), since plaintiff "cited to the sworn testimony of the Town's Planning and Development Commissioner,"[1] (Plf. Obj. at 8-9); (vi) in finding that "Defendants [w]ere left with no other choice but to remove Plaintiff's property," (Report at 36 n. 13), and that plaintiff's two (2) installed telecommunication facilities "were not wrongfully seized," (Plf. Obj. at 10; *see also id.* at 19); (vii) in recommending that the branch of plaintiff's motion seeking summary judgment on its claim pursuant to Section 253(a) of the Telecommunications Act be denied on the basis that plaintiff "failed to demonstrate that the Town is seeking to enforce an

---

[1] With respect to inquiries about whether the Town "ever required a building permit for a utility pole" in the right-of-way of either the State, the County or the Town, the Planning and Development Commissioner responded, "Not to my knowledge." (*See* Plf. Obj. at 9).

3

unconstitutional ordinance, let alone any ordinance,"[2] (Report at 29; *see* Plf. Obj. at 11-13); (viii) in finding that "nothing in the record indicates that Plaintiff was given similar guidance [that permits were not required] with respect to the installation of its own utility poles in the Town right of way,"[3] (Report at 18; *see also* Plf. Obj. at 13-14); (ix) in concluding that there is no dispute of material fact with respect to the size of the antennas and whether a building permit and special use permit were required, (*see* Plf. Obj. at 14-15); (x) in holding that there was no subject matter jurisdiction over plaintiff's claims pursuant to Section 332(c)(7)(B) of the Telecommunications Act because there is no "'final action or failure to Act' by the Town,"[4] (Report at 23-24); and (xi) in finding that plaintiff did not have a property interest in the Highway Permits because it cannot satisfy the entitlement test set forth in *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54 (2d Cir. 1985). (*See* Plf. Obj. at 17-19). In addition, plaintiff contends that to the extent the Report recommends granting so much of defendants' motion as seeks summary judgment on their state law counterclaims against plaintiff, such recommendation is internally inconsistent with the recommendation that the Court decline to exercise supplemental jurisdiction over all remaining state law claims, including defendants' counterclaims. (*Id.* at 20-21).

---

[2] With respect to its claim pursuant to Section 253 of the Telecommunications Act, plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred (i) in purportedly failing to recognize "that a 'legal requirement' can be an action by the local government; it does not have to be an 'unconstitutional ordinance' or even an ordinance at all," (Plf. Obj. at 11-12); and (ii) in finding "that a *de facto* moratorium did not exist because the Town claimed that it issued 13 building permits for wireless infrastructure." (*Id.* at 11-13).

[3] In support of this argument, plaintiff cites to evidence in the record indicating: (i) that "the Town's Highway Department official, Kevin Hanafan, met with [plaintiff's] . . . representatives regarding the installation of a new utility pole and Mr. Hanafan issued a Highway permit for the installation;" (ii) that "the Town in fact issued 22 Highway Permits to [plaintiff] for the installation of new utility poles in April 2017 . . . [which] was a continuance of the guidance [plaintiff] had received from Mr. Hanafan;" and (iii) "that the sole process prior to 2017 was for the Highway Department to issue permits to [plaintiff] for the installation of new utility poles." (Plf. Obj. at 13-14).

[4] According to plaintiff, the Town's revocation of the twenty-two (22) Highway Permits issued to plaintiff constitutes a final action sufficient to confer jurisdiction, (*see* Plf. Obj. at 16); and the Town's inaction on plaintiff's two (2) remaining highway permit applications also constitutes "a final action ripe for adjudication." (*Id.* at 17).

Initially, although the introductory paragraph of the Report may be somewhat ambiguous with respect to granting defendants' motion for summary judgment, (*see* Report at 2), it is clear from the body of the Report that Magistrate Judge Lindsay does not recommend that defendants be granted summary judgment on their counterclaims against plaintiff. Rather, the Report recommends that this Court decline to exercise supplemental jurisdiction over the counterclaims pursuant 28 U.S.C. § 1367(c) and dismiss the counterclaims without prejudice, and the Court accepts that recommendation.

Plaintiff correctly asserts that the Telecommunications Act provides, in relevant part:

> "No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions."

47 U.S.C. § 332(c)(7)(B)(iv). Nonetheless, Magistrate Judge Lindsay correctly found that plaintiff did not satisfy its burden of establishing that this Court has subject matter jurisdiction over its claims under Section 332(c)(7)(B) of the Telecommunications Act since, *inter alia*, the undisputed evidence demonstrates that plaintiff never applied for the requisite building permits. Accordingly, so much of the Report as recommends that plaintiff's claims pursuant to Section 332(c)(7)(B) of the Telecommunications Act be dismissed for lack of subject matter jurisdiction, and that the branch of plaintiff's motion seeking summary judgment on such claims be denied as moot, is accepted and, for the reasons set forth therein, plaintiff's claims pursuant to Section 332(c)(7)(B) of the Telecommunications Act (Counts I, II, III and V) are dismissed in their entirety for lack of subject matter jurisdiction and the branch of plaintiff's motion seeking summary judgment on its claims pursuant to Section 332(c)(7)(B) of the Telecommunications Act is denied as moot.

Moreover, even assuming, *arguendo*, that the finding regarding the guidance plaintiff was allegedly given from Town officials with respect to the installation of its utility poles in the Town right-of-way is erroneous, Magistrate Judge Lindsay correctly found that such guidance does not bind the Town. "[E]rroneous advice given by an employee of a governmental agency is not considered to rise to the level of an unusual circumstance warranting invocation of the doctrine of estoppel." *Matter of Ryan v Tax Appeals Tribunal of State of N.Y.*, 133 A.D.3d 929, 930, 18 N.Y.S.3d 797 (N.Y. App. Div. 2015); *see also Matter of Parkview Assocs. v City of New York*, 71 N.Y.2d 274, 282, 525 N.Y.S.2d 176, 519 N.E.2d 1372 (N.Y. 1988) ("[A] municipality . . . is not estopped from enforcing its zoning laws either by the issuance of a building permit or by laches . . . and the prior issue to petitioner of a building permit [does] not confer rights in contravention of the zoning laws."); *Petruso v. Schlaefer*, 474 F. Supp. 2d 430, 439 (E.D.N.Y. 2007), *aff'd*, 312 F. App'x 397 (2d Cir. Feb. 26, 2009) ("Neither estoppel nor laches may be invoked against a municipality to prevent it from correcting errors, even when there are harsh results."); *Wilson v Neighborhood Restore Hous.*, 129 A.D.3d 948, 949, 12 N.Y.S.3d 166 (N.Y. App. Div. 2015) ("[E]quitable estoppel is applied against a municipality performing governmental functions only in the rarest of cases . . . and erroneous advice by a governmental employee will not give rise to an exception to the general rule."); *e.g. Universal Outdoor, Inc. v. City of New Rochelle, N.Y.*, 286 F. Supp. 2d 268, 277-78 (S.D.N.Y. 2003) (finding that since the plaintiff should not have received a building permit from the City, the City was entitled to enforce its legal right to revoke its building permit and may not be estopped from doing so, despite the purported reliance on the permit; and holding that "[t]he fact that neighbors' complaints led the City to discover its error does not override the settled rule that a municipality cannot be estopped by its mistake from enforcing the law."); *Matter of Twin Tower Little League, Inc. v. Town of Poestenkill*, 249 A.D.2d 811, 812, 671

6

N.Y.S.2d 831 (N.Y. App. Div. 1998), *lv. denied*, 92 N.Y.2d 806, 677 N.Y.S.2d 781, 700 N.E.2d 320 (N.Y. 1998) (rejecting the petitioner's contention that the case was "one of those unusual cases" involving an exception to the general rule that the doctrine of equitable estoppel is generally not invoked against a municipal agency based upon its purported reliance on the erroneous advice provided by the Town's officials "since, had petitioner exercised reasonable diligence and reviewed the Town's zoning ordinance, it could have readily discovered the necessity for an area variance.")

Upon consideration of all of plaintiff's objections and defendants' responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and so much of the Report as recommends: (i) that plaintiff's claims pursuant to the Telecommunications Act be dismissed for lack of subject matter jurisdiction; (ii) that defendants' motion for summary judgment dismissing plaintiff's remaining claims pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted; and (iii) that plaintiff's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied, is accepted in its entirety.

C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety.

II.   Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, (i) plaintiff's claims pursuant to the Telecommunications Act (Counts I, II, III, IV and V) are dismissed in their entirety for lack of subject matter jurisdiction; (ii) the branches of defendants' motion seeking summary judgment on plaintiff's remaining claims pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted to the extent (A) that defendants are granted judgment as a matter of law dismissing plaintiff's claims pursuant to 42 U.S.C. § 1983 ("Section 1983") (Counts VII, VIII and IX) in their entirety with prejudice, and (B) the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this action, including defendants' counterclaims, and those claims are dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367(c); (iii) plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied; and (iv) plaintiff's motion to strike the declaration and expert report of rebuttal expert Roger Mascettis is denied as moot. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                               /s/ *Sandra J. Feuerstein*
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated:  May 11, 2020
        Central Islip, New York